UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAROOQ ABDUL ALEEM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES H. ELLIS, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-02594-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket No. 1 |

## I. INTRODUCTION

Farooq Abdul Aleem, an inmate at Mule Creek State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the action will be dismissed.

## II. BACKGROUND

Mr. Aleem alleges that he was convicted in San Mateo County Superior Court in 2004 of numerous offenses, including false imprisonment, contributing to the delinquency of a minor, attempted sexual battery, forcible oral copulation, witness dissuasion, and penetration with a foreign object. Docket No. 1 at 3. On March 1, 2005, he was sentenced by one of the defendants to an indeterminate term of sixty-five years to life for these crimes. *Id.* Mr. Aleem is now serving that sentence.

In his complaint, Mr. Aleem alleges that Defendants – two judges, a district attorney, a paralegal and a police officer – violated his constitutional rights based on their participation in his criminal case in the San Mateo County Superior Court because that court lacked jurisdiction over him. Specifically, he alleges that the court lacked jurisdiction because none of his crimes occurred within San Mateo County. In his prayer for relief, Mr. Aleem requests declaratory relief, an

1 injunction relieving defendants of their duties, an injunction ordering his immediate release from
2 prison, and compensatory damages. *Id.* at 10.

### III. <u>**DISCUSSION**</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Generally, a plaintiff may not bring a § 1983 action for alleged constitutional violations in connection with his criminal trial as long as the conviction remains in place. *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action for damages; the decision must have been successfully attacked *before* the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages. *See Edwards v. Balisok*, 520

U.S. 641, 648 (1997). If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration,' the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

Mr. Aleem alleges that Defendants violated his rights by causing his conviction in an allegedly unlawful trial – unlawful because the superior supposedly lacked jurisdiction over his case. Mr. Aleem's claims are squarely within the *Heck* rule because success on them would call into question the validity of his conviction and sentence from the San Mateo County Superior Court.

The exclusive method for a state prisoner to challenge his state court conviction or sentence in federal court is by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Mr. Aleem already has done so. His habeas petition challenging his conviction was denied in 2009, and both the district court and the Ninth Circuit denied a certificate of appealability. *See Aleem v. Adams*, Case No. 08-cv-2780 WHA. A prisoner who wishes to file a second or successive habeas petition challenging the same conviction or sentence must first obtain from the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") an order authorizing this Court to consider a second or successive petition. 28 U.S.C. § 2244(b)(3)(A). If Mr. Aleem wants to attempt to obtain the necessary order from the Ninth Circuit, he should file an "Application For Leave To File Second Or Successive Petition" in the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103). A copy of the form application is enclosed with this order for his convenience.

///
///
///
///
///
///
///

3

## IV. CONCLUSION

For the foregoing reasons, this action is **DISMISSED** for failure to state a claim under 42 U.S.C. § 1983. The dismissal is without prejudice to Mr. Aleem filing a new petition for writ of habeas corpus if he ever obtains permission from the Ninth Circuit Court of Appeals to do so, and without prejudice to him filing an action for damages under 42 U.S.C. § 1983 if his conviction is ever set aside. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: September 6, 2018

EDWARD M. CHEN
United States District Judge